# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SCOTT BERGER,**

        **Plaintiff,**

-vs-                                                       Case No. 6:10-cv-191-Orl-31KRS

**J. SLAGTER & SON CONSTRUCTION COMPANY and BRIAN SLAGTER,**

        **Defendants.**

_____

# ORDER

This matter came before the Court without oral argument upon consideration of Defendants', J. Slagter & Son Construction Company and Brian Slagter ("Defendants"), Motion to Dismiss or, in the alternative, Motion for More Definite Statement (the "Motion") (Doc. 7), and Plaintiff's, Scott Berger, response in opposition thereto (Doc. 11) (the "Response").

## I. Overview

Plaintiff brought this Fair Labor Standards Act ("FLSA")[1] action on February 2, 2010, alleging, *inter alia*, that Defendants failed to pay him the minimum wage and failed to compensate him at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per week. (Doc. 1). Count I asserts an overtime claim pursuant to the FLSA and seeks declaratory and monetary relief. (Doc. 1, ¶¶ 22-29). Count II asserts a minimum wage claim pursuant to the FLSA and seeks declaratory and monetary relief. (Doc. 1, ¶¶ 30-36). Count III

---

[1] *See generally* 29 U.S.C. §§ 201 to 216.

asserts a claim for unpaid wages pursuant to FLA. STAT. § 448.110 and seeks declaratory and monetary relief. (Doc. 1, ¶¶ 37-40). Finally, Count IV[2] asserts a claim for breach of an oral contract and seeks a variety of relief (including attorneys' fees). (Doc. 1, ¶¶ 41-45). Each count incorporates all prior paragraphs in the Complaint.

By their Motion, Defendants move to dismiss the Complaint on a variety of grounds: (1) the Complaint is an impermissible shotgun pleading; (2) the demand for declaratory relief, which is incorporated throughout the Complaint, is improper in light of Plaintiff's demand for monetary relief; Plaintiff failed to comply with the pre-suit notice requirements of FLA. STAT. § 448.101(6) and Count III must therefore be dismissed; and (4) Count IV fails to allege the essential terms of Plaintiff's putative oral contract. (Doc. 7 at 2-3).

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## II. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

---

[2]Count IV is mistakenly labeled as "Count VI." (Doc. 1 at 7).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

## III. Discussion

### Shotgun Pleading

As Defendants correctly note, the "typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." (Doc. 7 at 4, citing *Strategic Income Fund, LLC v. Spear, Leeds & Kellog Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002)).

Upon review, Plaintiff's Complaint is clearly an impermissible shotgun pleading and, on that basis alone, must be dismissed. The Court, however, addresses Defendant's remaining concerns, *infra*.

**Demands for Declaratory and Monetary Relief**

The Court agrees that Plaintiff's demands for declaratory relief will be extinguished by, and are necessarily subsumed by Plaintiff's demands for monetary relief. If Plaintiff has a need for declaratory relief – separate and apart for his demand for monetary relief – then he must clearly delineate his demand for such relief.

**Compliance with FLA. STAT. § 448.101(6) – Count III**

In his Response, Plaintiff has agreed to "withdraw" Count III without prejudice. Accordingly, Defendants' Motion is now moot as to Count III.

**Essential Terms of Oral Contract – Count IV**

In Count IV, Plaintiff simply alleges that "Defendants orally agreed to pay Plaintiff an hourly rate for each hour worked within a work week." (Doc. 1, ¶ 42).

This allegation is clearly deficient. In Florida, to state a claim for breach of an oral contract, the plaintiff must allege, *inter alia*, the essential terms of the contract. *See*, *e.g.*, *Winter Haven Citrus Growers Ass'n v. Campbell & Sons Fruit Co.*, 773 So. 2d 96, 97 (Fla. 2d DCA 2000). Other than payment by the hour, Plaintiff has clearly failed to include any other essential terms of his putative oral contract. Furthermore, as currently pled, Count IV may run afoul of Florida's Statute of Frauds. *See* FLA. STAT. § 725.01.

**IV. Conclusion**

For the foregoing reasons, it is **ORDERED** that Defendants', J. Slagter & Son Construction Company and Brian Slagter, Motion (Doc. 7) is **GRANTED**. The Complaint (Doc. 1) is hereby **DISMISSED** without prejudice. Plaintiff shall be permitted to file an amended complaint by no later than **Friday, May 7, 2010**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 21, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE